UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL TORRES, et al,<br><br>        Plaintiffs,<br><br>  v.<br><br>PENINSULA HOUSEHOLD SERVICES, INC., et al.,<br><br>        Defendants. | Case No.: C 09-6057 PVT<br><br>**INTERIM ORDER RE STIPULATED DISMISSAL WITH RESPECT TO GERALDO CASTILLO & (PROPOSED) ORDER** |

On February 19, 2010, the parties filed a Stipulated Dismissal with Respect to Geraldo Castillo & (Proposed) Order. The parties have consented to Magistrate Judge jurisdiction. Based on the stipulation and the file herein,

IT IS HEREBY ORDERED that the parties' stipulation to dismiss the claims of Geraldo Castillo is deemed to be a joint motion to approve the fairness of the settlement of his claims under the Fair Labor Standards Act ("FLSA"). An employee's claims under the FLSA are non-waivable, and thus may not be settled without supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982); *see also* House Report No. 101-664.[1] The proper procedure for obtaining court approval of the

---

[1] As used herein, "House Report No. 101-664" refers to House Report No. 101-664, P.l. 101-433, Older Workers Benefit Protection Act, H.R. Rep. 101-664, H.R. Rep. No. 664, 101st Cong., 2nd Sess. 1990, 1990 WL 200383 (1990).

ORDER, *page 1*

settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment of dismissal only after scrutinizing the settlement for fairness. *See Lynn's Food Stores, Inc.*, 679 F. 2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947); *and* House Report No. 101-664. In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *See, Lynn's Food Stores, Inc.*, 679 F. 2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1355.

IT IS FURTHER ORDERED that, no later than March 9, 2010 the parties shall file a short joint statement in support of the motion to approve the settlement. The statement shall include: 1) a rough estimate of the amount in dispute for Plaintiff Castillo; 2) the general basis for any *bona fide* factual dispute as to either the nature of Plaintiff Castillo's primary duties or the number of overtime hours actually worked by Plaintiff Castillo; 3) the amount of settlement proceeds to be paid to Plaintiff Castillo; and 4) the amount of attorneys fees to be paid to Plaintiffs' counsel by Defendants under the settlement agreement (*see, e.g., Dail v. George A. Arab, Inc.*, 391 F.Supp.2d 1142, 1145 (M.D. Fla. 2005) (approving parties' agreement as to attorneys fees award in connection with approving fairness of settlement)).

IT IS FURTHER ORDERED that this order is without prejudice to the parties filing a stipulated dismissal pursuant to Federal Rules of Civil Procedure 41(a)(1) on or before March 9, 2010.[2]

Dated: *2/22/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] The court expresses no opinion regarding the *res judicata* effect of any such dismissal, in light of the non-waivability of FLSA claims, or on whether such a stipulated dismissal would nontheless constitute a failure to prosecute, warranting dismissal without prejudice under Federal Rules of Civil Procedure 41(b). *See Valencia v. French Connection Bakery, Inc.*, 2008 WL 152228, *2 (N.D. Cal. January 15, 2008).