|  |  |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL TORRES and GERARDO CASTILLO,<br><br>  Plaintiffs,<br><br>  v.<br><br>PENINSULA HOUSEHOLD SERVICES, INC., et al.,<br><br>  Defendants. | Case No.: CV 09-06057 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS PURSUANT TO RULE 37(a)**<br><br>**(Re: Docket No. 30)** |

**I. INTRODUCTION**

On December 29, 2009, Plaintiffs Daniel Torres ("Torres") and Gerardo Castillo filed this action against Defendants Peninsula Household Services, Inc. ("Peninsula"), Michael Goff ("Goff"), and Does 1-10, alleging violations of California and federal labor laws. On July 21, 2010, Peninsula and Goff served Torres with special interrogatories and a document production request, by mailing the documents to Torres's counsel, Adam Wang ("Wang"). To date, Torres has not responded to these requests. Additionally, neither Torres nor Wang have made any timely and legally sufficient objections or moved to stay or to quash the written discovery requests.

On December 16, 2010, Peninsula and Goff filed a motion to compel a response to its interrogatories and to compel production of documents pursuant to Rule 37 of the Federal Rules of

Civil Procedure. Pursuant to Civil Local Rule 7-1(b), this motion may be determined without oral argument and the hearing scheduled to be held on January 25, 2011 is vacated. As the information sought appears reasonably calculated to lead to the discovery of admissible evidence and the motion is unopposed, the motion to compel is GRANTED.

Peninsula and Goff also move for sanctions pursuant to Rule 37(a)(5) in the amount of attorney's fees. This motion, like the underlying motion to compel, requires no hearing. As Peninsula and Goff attempted in good faith to obtain the discovery without court action and Torres and Wang have provided no argument why the nondisclousure is justified or why sanctions against them would be unjust, the motion for sanctions is GRANTED.

## II. BACKGROUND

Pursuant to Federal Rule of Civil Procedure 33 and 34, Peninsula and Goff served interrogatories and a request to produce documents upon Torres on July 21, 2010, by mailing them to Wang. (Decl. of Michael Jay Jones in Supp. of Def.'s Mot. to Compel Exs. A, B.) Torres failed to respond by the August 20, 2010 deadline. On October 14, 2010, Michael Jones ("Jones"), counsel for Peninsula and Goff, emailed Wang, indicating that he needed the responses to the discovery requests. (Jones Decl. Ex. C.) Jones received no response. On October 12, 2010, Jones sent another email to Wang indicating that he would that he would be filing a motion to compel and for sanctions *(*Jones Decl. Ex. D.) Again, Jones received no response.

Having not received the requested documents and responses almost four months after the deadline, Peninsula and Goff filed this motion to compel and for sanctions on December 16, 2010. Peninsula and Goff provided the required certification that it has made a good faith effort to obtain this discovery without court action. (Jones Decl. ¶ 2.) Torres and Wang's opposition was due January 4, 2011; none was filed.

## III. STANDARDS

Under Federal Rule of Civil Procedure 33 and 34, a party answering interrogatories or a request for the production of documents must provide a written response to each item requested within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2). This response must include either a specific objection, an answer to the interrogatory, or an agreement to produce each of the

documents requested. Fed. R. Civ. P. 34(b) (2)(A), (B). Federal Rule of Civil Procedure 37 grants judicial authority to compel disclosure where a party has failed to provide authorized discovery in a timely fashion. A court may grant a motion to compel discovery upon certification that the moving party has attempted in good faith to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1). If the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the attorney advising that conduct, or both to pay the movant's reasonable expenses including attorney's fees incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The court, however, must not order these sanctions if the motion was filed before a good faith effort to obtain discovery without court action, or if the nondisclosure is justified, or if other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

### IV. DISCUSSION

Peninsula and Goff have provided sufficient documentation and certification that Torres failed to produce timely discovery as required by Federal Rule of Civil Procedure 33 and 34, and that it attempted to obtain the requested discovery without court involvement. (Jones Decl. ¶¶ 8-12, Exs. C-D.) As the requests appear reasonably calculated to lead to the discovery of admissible evidence, as required by Federal Rule of Civil Procedure 26, and the motion is unopposed, the motion to compel is granted.

As the time for Torres and Wang to file an opposition has passed and his counsel filed none, they have had an opportunity to be heard and provided no justification for their conduct or any explanation that awarding sanctions would be unjust. Therefore, sanctions shall be awarded.

The amount of sanctions must nonetheless be recalculated. In his calculation of attorney's fees based on a total of the three and a half hours, Jones, as counsel for Peninsula and Goff, included the hour he anticipated spending at the hearing, reviewing the opposition, discussing the matter with opposing counsel, and preparing the reply. (Jones Decl. ¶ 11.) This hour of work, however, was not necessary because no opposition was filed and no hearing will take place. Thus, Jones incurred $812.50 in fees for two and a half hours.

## V. CONCLUSION

IT IS HEREBY ORDERED that Torres must respond to Peninsula and Goff's interrogatories and must produce all requested documents no later than January 24, 2011.

IT IS FURTHER ORDERED that Wang and Torres are joint and severably liable for sanctions in the amount of $812.50. Wang and Torres shall pay this amount to Peninsula and Goff no later than January 26, 2011.

IT IS FURTHER ORDERED that Wang and Torres will file a certification with the court that they have complied with this order no later than January 26, 2011.

Dated: January 19, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge